**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Mira Chernick**
Assistant U.S. Attorney
Mira.Chernick@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 13, 2026

Benjamin Andersen
121 SW Salmon St. Ste 1420
Portland, OR 97204

Re: *United States v. Carlos Miscoot*, Case No. 3:24-cr-00241-AB
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count Two of the Indictment, which charges Interstate Domestic Violence in violation of Title 18, United States Code, Section 2261(a)(2); and Count Three of the Indictment, which charges Using a Firearm During and in Relation to a Crime of Violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii)).

3. **Penalties**: The maximum sentence for Count Two is 10 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. The sentence for Count Three is a mandatory term of imprisonment of 10 years, to run consecutive to any sentence imposed on Count Two.

Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Immigration Consequences**: Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. These consequences apply even if the defendant has previously been granted Deferred Action for Childhood Arrivals. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

5. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Elements and Factual Basis**: In order for defendant to be found guilty of Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, defendant was an intimate partner or dating partner of Adult Victim 1;

Second, on or about the date alleged in the Indictment, defendant caused Adult Victim 1 to travel in interstate commerce by force, coercion, duress, or fraud;

Third, in the course of, as a result of, or to facilitate that conduct or travel, defendant committed or attempted to commit a crime of violence against Adult Victim 1, to wit, strangulation and rape; and

Fourth, defendant used a dangerous weapon during the offense.

In order for defendant to be found guilty of Count Three of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, defendant committed the elements of a crime of violence prosecutable in federal court;

Second, defendant knowingly used or carried a firearm; and

Third, the use or carrying of the firearm was during and in relation to defendant's crime of violence.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

On November 2, 2023, defendant forced Adult Victim 1 to get into his car and drove her from Oregon to Washington, where he raped her at gunpoint.

Defendant had previously been in an intimate and dating relationship with Adult Victim 1, which she had ended about a year prior. Defendant continued to call, text, and visit her at her home unannounced after the relationship ended. On November 2, 2023, defendant arranged with Adult Victim 1 to meet her outside of her home in Portland to pick up some of his property. When she tried to go back inside, defendant pulled out a black pistol and forced her into his car.

Defendant drove Adult Victim 1 north into Washington state. While driving, defendant continued to hold the pistol and point it at Adult Victim 1 while making threatening statements. He drove her to a wooded area in or around Bush Prairie, Washington, where he ordered Adult Victim 1 to undress. She refused and resisted until defendant pointed the pistol out of the window and fired it several times, telling Adult Victim 1 that he would force her if she did not comply. Defendant told Adult Victim 1 that if she did not do what he said, he would shoot her and leave her naked in the woods.

Adult Victim 1 removed her clothes. Defendant briefly strangled her while pointing the gun at her face. He then penetrated her vaginally with his penis. After he raped her, defendant told Adult Victim 1 that he had planned to kill her in a murder-suicide. He then drove her home while continuing to threaten her and warning her repeatedly not to contact the police. Defendant returned to Adult Victim 1's home less than a week after raping her, resulting in his arrest.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A6.2 is a Base Offense Level of 18 for Count Two, prior to adjustments.

The parties agree that, pursuant to USSG § 2A6.2(b), the defendant's offense level is increased by 4 levels because the offense involved multiple aggravating factors, specifically strangling or attempting to strangle; possession and threatened use of a dangerous weapon; and a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim.

The parties further agree that the factors listed in 18 U.S.C. § 3553(a) justify an upward variance to result in a sentence of 60 months for Count Two, and they agree to jointly recommend such sentence.

The parties agree that a consecutive sentence of 10 years is mandatory for Count Three and agree to jointly recommend such sentence.

9. **<u>Acceptance of Responsibility</u>**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **<u>Sentencing Recommendation</u>**: The USAO and defendant will jointly recommend a sentence of 60 months on Count Two and 120 months on Count Three, resulting in a total sentence of 180 months.

11. **<u>Additional Departures, Adjustments, or Variances</u>**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12. **<u>Waiver of Appeal/Post-Conviction Relief</u>**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any

other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17. **<u>Use of Plea-Related Statements</u>**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be

admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19. **Deadline**: This plea offer expires if not accepted by Friday, May 22, 2026, at noon.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/Mira Chernick*
MIRA CHERNICK
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/28/26
Date

Carlos Miscoot, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/28/24
Date

Benjamin Andersen, Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

Date

Interpreter (if necessary)